UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD RAY DISON, JR.,<br>Plaintiff,<br>v.<br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br>Defendant. | No. 1:26-cv-04110-SAB (PC)<br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION<br>(ECF No. 9) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

**I.**

**BACKGROUND**

Plaintiff filed the instant action on May 29, 2026. (ECF No. 1.) After striking Plaintiff's original complaint for lack of signature, Plaintiff filed a first amended complaint on June 22, 2026. (ECF No. 7.)

On June 29, 2026, the Court screened Plaintiff first amended complaint, found no cognizable claims, and granted Plaintiff the opportunity to amend the complaint. (ECF No. 8.) Plaintiff failed to file an amended complaint or otherwise communicated with the Court.

Therefore, on August 10, 2026, the Court ordered Plaintiff to show why the action should not be dismissed. (ECF No. 9.) Plaintiff has failed to respond to the order to show cause and the time to do so has passed. Accordingly, dismissal of the action is warranted.

**II.**

**SCREENING REQUIREMENT**

The Court is required to conduct a preliminary screening of any civil action in which a plaintiff proceeds in forma pauperis and dismiss any claims that are frivolous, malicious, or fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B). Dismissal is proper only where a complaint fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In determining whether a plaintiff has stated a claim, the Court accepts as true the factual allegations contained in the complaint and views all inferences in a light most favorable to the plaintiff. Park v. Thompson, 851 F.3d 910, 918 (9th Cir. 2017). The Court does not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001)). Moreover, where a plaintiff is appearing pro se, particularly in civil rights cases, courts construe pleadings liberally and afford the plaintiff any benefit of the doubt. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012).

**III.**

**COMPLAINT ALLEGATIONS**

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

Plaintiff contends that his constitutional rights were violated while he was housed at Substance Abuse Treatment Facility and State Prison-Corcoran; Los Angeles County State Prison; California State Prison-Corcoran; and California Correctional Institution. Plaintiff

alleges as follows:

> The participating parties in this complaint is continuously aiding and abetting in the carrying out of cruel and unusual punishment and their mere abuse of authority in their personal illegal interpretations of the law. Defacing by adding corporate fiction that is encroachment by attempting to coerce obstruction of justice. In this complaint CDCR employees knowingly committed assault and battery without a weapon, reckless endangerment by inhumane living conditions, mail tampering, discrimination based on mental disabilities, excessive or unnecessary force, kangaroo court, isolation methods causing deprivation of any and all constitutional rights, state, and federal.
>
> Exposure to radiation leaks within the housing units as well a contaminated drinking water suppose[d]ly address by the State of California. Also to involve kidnap, fraud, coercion to include medical and mental health staff wrongfully administering medication to cause harm. All these actions is on officers body cams and AVS systems. Plaintiff has exhausted all administrative remedies as well as good faith remedies.
>
> In the course of this action involving Donald Ray Dison Jr. vs. R. Reaves I was subsequently kidnapped by officers after being administered wrongful medications. Isolated and exposed to radiation, bacteria, mail tampering, body slammed in handcuffs causing head trauma, force to drink contaminated water due to sewage failure. These issues were brought to the governors office, Rosenberg lawyers, San Quintin Prison Law Office, O.O.A and all other investigate units provided by the State department.

(ECF No. 7 at 2, 5.)

## IV.

## DISCUSSION

### A. Federal Rule of Civil Procedure 8

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–57; Moss, 572 F.3d at 969.

Plaintiff's complaint is short, but the allegations are conclusory and do not state what happened, when it happened, or which defendant was involved. Plaintiff includes legal argument

and citations in his complaint, and it is difficult to follow. Plaintiff's vague and conclusory allegations provide no factual basis for this Court to draw a reasonable inference which of the named defendants are liable for any misconduct alleged. A plaintiff suing multiple defendants must allege the basis of his claim against each defendant to satisfy Rule 8(a)(2). Based on the limited allegations in the complaint, the Court cannot determine whether Plaintiff states a plausible claim for relief.

**B. California State Prisons as Defendants**

The Eleventh Amendment bars any suit against a state or state agency absent a valid waiver or abrogation of its sovereign immunity. Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996); Hans v. Louisiana, 134 U.S. 1, 10 (1890). This immunity applies regardless of whether a state or state agency is sued for damages or injunctive relief, Alabama v. Pugh, 438 U.S. 781, 782 (1978), and regardless of whether the plaintiff's claims arise under federal or state law, Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 121 (1984).

While Congress may validly abrogate a state's sovereign immunity by statute, the Supreme Court has repeatedly emphasized that "§ 1983 was not intended to abrogate a State's Eleventh Amendment immunity." Kentucky v. Graham, 473 U.S. 159, 169 n.17 (1985); accord Quern v. Jordan, 440 U.S. 332, 342 (1979).

Both the Ninth Circuit and the Supreme Court have recognized that the "State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court." Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999); see also Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985), superseded on other grounds by statute, Rehabilitation Act Amendments of 1986, 42 U.S.C. § 2000d-7 (observing that the California Constitution does not waive the state's Eleventh Amendment immunity).

In the context of prisoner lawsuits against the CDCR, the Ninth Circuit has expressly and repeatedly held that CDCR and prisons within CDCR are immune from suit under the Eleventh Amendment. See, e.g., Brown v. Cal. Dep't of Corrs., 554 F.3d 747, 752 (9th Cir. 2009) ("The district court correctly held that the California Department of Corrections and the California Board of Prison Terms were entitled to Eleventh Amendment immunity."); Fulcher v. Cal. Dep't

of Corrs., 297 Fed. App'x 645, 646 (9th Cir. 2008) ("[T]he California Department of Corrections ... is a state agency that is immune from liability under the Eleventh Amendment."); cf. Holley v. Cal. Dep't of Corrs., 599 F.3d 1108, 1111-12 (9th Cir. 2010) (affirming dismissal of complaint against CDCR because California had not constructively waived its sovereign immunity by accepting federal funds). Accordingly, Plaintiff cannot bring suit against CDCR or any state prison for damages.

**C. Excessive Force**

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not... use excessive physical force against prisoners." Farmer v. Brennan, 511 U.S. 825, 832 (1994). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6–7 (1992).

When determining whether the force was excessive, the court looks to the "extent of injury suffered by an inmate..., the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.' " Hudson, 503 U.S. at 7 (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)). While de minimis uses of physical force generally do not implicate the Eighth Amendment, significant injury need not be evident in the context of an excessive force claim, because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." Hudson, 503 U.S. at 9.

A prison official may be liable under section 1983 if he is aware that a fellow officer is violating a prisoner's constitutional rights but fails to intervene. See Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000) ("[P]olice officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen.") (quoting United States v. Koon, 34 F.3d 1416, 1447 n.25 (9th Cir. 1994), rev'd on other grounds, 518 U.S. 81, 116 (1996)). To state a cognizable Eighth Amendment claim based on a failure to protect, a prisoner must

reasonably allege that the named defendant knew of but disregarded an excessive risk to plaintiff's health or safety. Farmer, 511 U.S. at 837. There must be evidence which shows that a defendant acted with a "sufficiently culpable state of mind." Hearns v. Terhune, 413 F.3d 1036, 1041-42 (9th Cir. 2005). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Id. at 842 (citations omitted). Plaintiff has failed to state a cognizable claim for excessive force given him allegations are too vague and conclusory.

**D. Deliberate Indifference to Medical Care and Conditions of Confinement**

A prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096. In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06). Even gross negligence is insufficient to establish deliberate indifference to serious

medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Further, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082–83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122–23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

The Eighth Amendment also protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Farmer, 511 U.S. at 838; Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Thus, no matter where they are housed, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted). However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at 834, 841. Plaintiff has failed to state a cognizable claim for deliberate indifference.

## V.

## FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE

Here, the Court screened Plaintiff's complaint, and on June 29, 2026, an order issued providing Plaintiff with the legal standards that applied to his claims, advising him of the deficiencies that needed to be corrected, and granting him leave to file an amended complaint within thirty days. (ECF No. 8.) Plaintiff did not file an amended complaint or otherwise respond to the Court's screening order order. Therefore, on August 10, 2026, the Court ordered Plaintiff to show

cause within fourteen (14) days why the action should not be dismissed. (ECF No. 9.) Plaintiff failed to respond to the order to show cause and the time to do so has passed.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226. Plaintiff was ordered to file an amended complaint within thirty days of June 29, 2026 and has not done so. Plaintiff's failure to comply with the order

of the Court by filing an amended complaint hinders the Court's ability to move this action towards disposition. This action can proceed no further without Plaintiff's compliance with the order and his failure to comply indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. In order for this action to proceed, Plaintiff is required to file an amended complaint curing the deficiencies in the operative pleading. Despite being ordered to do so, Plaintiff did not file an amended complaint or respond to the order to show cause and this action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. The Court's June 29, 2026, order requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order." (ECF No. 8 at 8.) In addition, the Court's August 10, 2026, order to show cause specifically stated: "Plaintiff's failure to comply with this order will result in a recommendation to dismiss the action for failure to state a claim." (ECF No. 9.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's orders.

## VI.

## ORDER AND RECOMMENDATIONS

The Court has screened Plaintiff's complaint and directed Plaintiff to file an amended complaint within thirty days. Plaintiff has failed to comply with the Court's order to file an amended and has not responded to the Court's order to show why the action should not be

dismissed. In considering the factors to determine if this action should be dismissed, the Court finds that this action should be dismissed for Plaintiff's failure to obey the June 29, 2026 and August 10, 2026 orders, failure to prosecute this action, and failure to state a cognizable claim for relief.

Accordingly, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to comply with a court orders, failure to prosecute, and failure to state a cognizable claim for relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate [judge's] factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 3, 2026**

STANLEY A. BOONE
United States Magistrate Judge